UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                )
BARRY BERNARD MARTIN,           )
                                )
            Petitioner,         )
                                )
    v.                          )   Civil Action No. 11-1315 (ABJ)
                                )
UNITED STATES OF AMERICA, *et al.*,  )
                                )
            Respondents.        )
_____)

**MEMORANDUM OPINION**

This matter is before the Court on petitioner Barry Bernard Martin's petition for a writ of habeas corpus [Dkt. #1] and the government's response [Dkt. #7] to the Court's Order to Show Cause [Dkt. #3].[1]  For the reasons discussed below, the petition will be denied.

I. BACKGROUND

In the Superior Court of the District of Columbia, Martin was convicted of two counts of rape and one count of burglary, and was sentenced to a 36-year term of imprisonment. *See* United States' Response to Show Cause Order ("Gov't Resp."), Ex. 1 (Judgment and Commitment/Probation Order, *United States v. Martin*, No. F-4577-84 (D.C. Super. Ct. Dec. 20, 1985).  He first was released on parole on December 6, 1995, *id.*, Ex. 3 (Certificate of Parole dated December 6, 1995) at 1, and over the years, the United States Parole Commission

---

[1]   The Court construes Martin's pleading only as a petition for a writ of habeas corpus, the proper respondent to which is his custodian, that is, the Warden of the Correctional Treatment Facility, and therefore dismisses the remaining respondents and denies Martin's demands for monetary, injunctive and other relief.  The Court also denies Martin's Motion for Emergency Hold on Property of Papers or Personal Effects [Dkt. #12], Petition for Emergency Hearing for Writ of Habeas Corpus [Dkt. #17], Petition for Transfer of Property [Dkt. #18], and Motion for Sanctions [Dkt. #20].

("USPC") has revoked parole on four occasions, *see id.*, Ex. 8, 12, 14 and 20 (respectively, Notices of Action dated December 3, 2004, November 25, 2005, October 18, 2007, and June 18, 2009).[2]  Martin's most recent parole release occurred on March 13, 2010, *see id.*, Ex. 24 (Certificate of Parole dated March 13, 2010), and he found himself back in custody upon the execution of a parole violator warrant on November 4, 2010, *id.*, Ex. 25 (Warrant and Warrant Application).

A hearing examiner conducted a probable cause hearing on November 16, 2010, Gov't Resp., Ex. 26 (D.C. Probable Cause Hearing Digest) at 1, and he found probable cause to believe that Martin had committed the single offense charged -- failure to report to his supervising officer as directed, *id.*, Ex. 26 at 2.  A parole revocation hearing began on January 3, 2011, but those proceedings were suspended because of Martin's disruptive behavior.  *Id.*, Ex. 27 (Hearing Summary dated January 3, 2011) at 1.[3]  For example, Martin "kept attempting to override the examiner," *id.*, Ex. 27 at 2, and "refus[ed] to comply with .the examiner's instructions" during the hearing, *id.*, Ex. 27 at 3.  In addition, Martin "objected to the hearing examiner and [Community Supervision Officer] using his name . . . without his permission," and "because his

---

[2]   The first revocation of Martin's parole occurred prior to the transfer of parole revocation authority from the former District of Columbia Board of Parole to the USPC in 2000???  The Board "revoked . . . parole as a consequence of [Martin's] failure to comply with the sex offender aftercare special condition, and ordered him reparoled immediately."  Gov't Resp. at 2; *see id.*, Ex. 4 (Notice of Board Order dated June 1, 1999).

[3]   Among the hearing examiner's comments were the following:

> [Martin] . . . initially participated in the hearing but due to his refusal to participate in an appropriate manner and not interrupt or override the examiner, was removed from the hearing and the hearing proceeded without his participation.  During a break in the hearing, he was given an opportunity to return to the hearing room so he could personally address charges but due to his demeanor and continued combative statements the offer was rescinded.

Gov't Resp., Ex. 27 (Hearing Summary) at 1.

name is copyrighted," and Martin warned that "any use of his name" without permission would result in "financial consequences." *Id.*, Ex. 27 (Hearing Summary) at 2. The hearing examiner recommended, *id.*, Ex. 27 at 3, and the USPC ordered, revocation of Martin's parole. *Id.*, Ex. 28 (Notice of Action dated February 8, 2011). Martin appealed this decision. *See generally id.*, Ex. 29 (Appeal with attachments). The National Appeals Board vacated the USPC's decision and remanded the matter for a new revocation hearing "because [Martin] did not have counsel at [the previous hearing." *Id.*, Ex. 30 (Notice of Action on Appeal dated July 6, 2011) at 1. A revocation hearing was scheduled to occur on September 7, 2011. *Id.*, Ex. 31 (Scheduling Coversheet).

## II. DISCUSSION

Martin filed a petition for a writ of habeas corpus on or about July 20, 2011. Setting aside the petition's inexplicable reliance on the Uniform Commercial Code, copyright law and assorted equitable doctrines, Martin asserts that he is "the wrong party of Interest," Petition ("Pet.") at 2, which presumably is an allegation that he is not the person who should be in custody. He further appears to allege that the absence of a "proof of claim" renders his incarceration illegal, *id.*, and that, as a sovereign, he is not subject to federal statutes or regulations, *id.* at 15.

Respondent demonstrates that Martin was taken into custody upon the execution of a parole violator warrant, that his probable cause and revocation hearings occurred timely, that he successfully appealed the USPC's February 8, 2011 decision to revoke parole, and that he was afforded a new revocation hearing at which he would be represented by counsel. Presumably the USPC since has revoked parole in light of his transfer to the custody of the Federal Bureau of

Prisons and his designation to the Rivers Correctional Institution in Winton, North Carolina.[4] *See generally* Respondents' Opposition to Petitioner's Motion for Emergency Hold on Property of Papers or Personal Effects [Dkt. #16] at 1. Martin's reply to the government's response to the order to show cause, *see* Objection to Third Party Response Pursuant to Federal Rule Civil Pro. Rule 17(a) Real Party of Interest [Dkt. #19] is unintelligible, and wholly absent from any of his submissions is a cogent argument or citation to relevant authority supporting his claim that his incarceration is unlawful.

### III.  CONCLUSION

A District of Columbia prisoner is entitled to *habeas corpus* relief under 28 U.S.C. § 2241 if he establishes that his "custody is in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  Martin utterly fails to meet his burden and, accordingly, his habeas petition will be denied.  An Order accompanies this Memorandum Opinion.

          AMY BERMAN JACKSON
          United States District Judge

DATE:  October 25, 2011

---

[4]  Martin was detained in the District of Columbia when he filed his petition.  His subsequent transfer to a North Carolina facility does not strip this Court of jurisdiction.  *See, e.g., Rumsfeld v. Padilla*, 542 U.S. 426, 440-41 (2004).